UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANTHONY ADAMS            ]
    Plaintiff,           ]
                         ]
v.                       ]        No. 1:05-0079
                         ]        JUDGE HAYNES
TENNESSEE DEPARTMENT OF  ]
CORRECTION, ET AL.       ]
    Defendants.          ]

M E M O R A N D U M

The Plaintiff, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. Given his status as a prisoner, the Court is obliged to screen the complaint at this time to ascertain whether it is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction; Wayne Brandon, Warden of the Turney Center Industrial Prison; and three members of the Turney Center staff; seeking declaratory, injunctive and monetary relief.

According to the complaint and its attachments (Docket Entry Nos.1 and 2), the Plaintiff was issued a disciplinary

report on February 17, 2004, charging him with the rape of a fellow inmate. Eight days later, a disciplinary panel at Turney Center found the Plaintiff guilty of the charge. He was assessed a $5 fine, was placed in punitive segregation for ten days, lost some sentence reduction credits and was recommended for placement in involuntary administrative segregation.

The Plaintiff administratively appealed the disciplinary conviction. Warden Brandon affirmed the conviction and, on April 30, 2004, the Commissioner of the Tennessee Department of Correction agreed with the Warden's disposition of the appeal. The Plaintiff alleges that irregularities that arose during his disciplinary proceeding led to a denial of due process.

The complaint is stamped as received in the Clerk's Office on October 5, 2005. There is also a stamped envelop postmarked October 14, 2005. The Plaintiff's claims arose when his administrative appeal was concluded on April 30, 2004. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that this action is untimely and is not subject to adjudication. <u>Pino v. Ryan</u>, 49

F.3d 51, 53-54 (2d Cir.1995); see also Watson v. Wigginton, 16 F.3d 1223, 1994 U.S. App. LEXIS 1329, No.93-6023 (unpublished; 6th Cir. January 24, 1994).

Because this action appears to be time-barred, Plaintiff's complaint would not entitle him to § 1983 relief. Consequently, this action is dismissed for failure to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order will be entered.

_____
WILLIAM J. HAYNES, JR.
United States District Judge
12-1-05